UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THERESA COLLINS,

    Plaintiff,

v.

SCHNUCK MARKETS, INC.,

    Defendant.

Case No. 22-cv-48-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to remand filed by plaintiff Theresa Collins on the grounds that defendant Schnuck Markets, Inc. ("Schnucks") filed a notice of removal beyond the thirty-day deadline set forth in 28 U.S.C. § 1446(b) (Doc. 9). In its response, Schnucks admits that its notice of removal was untimely but asks the Court to extend the deadline and deem it timely (Doc. 11). The Court will remand this case because the thirty-day deadline is mandatory and must be enforced if invoked by the plaintiff.

**I.    Procedural History**

Collins filed this case against Schnucks in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, alleging personal injury when she slipped and fell in a Schnucks store. She alleges Schnucks was negligent and that its negligence caused her injuries. On November 30, 2021, Collins served Schnucks with her denial of a request to admit that the amount in controversy did not exceed $75,000—in other words, she admitted that she was seeking more than $75,000. In light of this response, Schnucks believed this Court had original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)—indeed, no party argues now that it did not—so it filed a notice of removal pursuant to 28 U.S.C. § 1441(a) on January 11, 2022. This was more than thirty days after it had received Collins's responses to the

requests to admit. Schnucks admits that its notice of appeal was untimely under 28 U.S.C. § 1446(b) but, citing Illinois law, asks the Court to extend the time to render the notice timely.

**II.      Analysis**

A defendant may remove to federal court a case filed in state court if the federal court would have had jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "The removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000).

There are time limits for when a defendant can remove a case. If the case stated by the plaintiff's initial pleading is removable, that is, if it states a case over which a federal court has original jurisdiction, the defendant must file a notice of removal within thirty days of receiving the complaint. 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable on its face, the defendant has thirty days from receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "While the time limitation imposed by § 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (internal citations omitted). The thirty-day time period "is mandatory, and cannot be extended by the consent of the parties or court order." *Dawn Carroll, Inc. v. E. Time Co.*, No. 97 C 876, 1997 WL 413932, at *2 (N.D. Ill. July 18, 1997); *accord Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *5 (N.D. Ill. Oct. 4, 2017). Thus, if the notice of removal is defective for

failure to meet time requirements and the defendant seeks remand, the Court should remand the case pursuant to 28 U.S.C. § 1447(c).

All parties agree that Schnucks filed its notice of removal beyond the period set forth in 28 U.S.C. § 1446(b)(3) and that Collins has not waived the procedural timeliness requirement. The defendant's invocation of Illinois law as authority to extend the deadline is ineffective, for federal procedural rules apply after a notice of removal is filed, not state rules. *Ervin v. OS Restaurant Servs. Inc.*, 632 F.3d 971, 977 (7th Cir. 2011); *Claiborne v. Wisdom,* 414 F.3d 715, 720 (7th Cir. 2005). And even if federal procedural rules allowed for an extension of the removal deadline, such an extension would depend on good cause or the delinquent party's excusable neglect for being late, *see* Fed. R. Civ. P. 6(b)(1), neither of which Schnucks has attempted to demonstrate here other than to assert without details that it was an "honest mistake."

### III.   Conclusion

For the foregoing reasons, the Court must remand this case. Accordingly, the Court **GRANTS** Collins's motion to remand (Doc. 9) and **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**
**DATED:   February 17, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3